## Carol v. Perlmutter

*Guy W. Davis*, for attaching creditor.

*Albert H. Pearce*, for attorneys.

*Frank A. Mooreshead* and *H. E. Potter*, for medical claimants.

FRONEFIELD, P. J., December 27, 1940.—This was a trial by a judge (Fronefield, P. J.) without a jury to determine the disposition of a fund paid into court. Defendant, Harry Perlmutter, obtained a verdict in a trespass action against the Township of Upper Darby and Philip Dresnick and Sylvia Dresnick, his wife, in the sum of $2,000, upon which judgment was entered on June 30,

1939. Subsequently, plaintiff, Max N. Carol, who was the assignee of a judgment obtained in Philadelphia County against defendant in the sum of $2,960.19, filed an exemplification of that record in this county and issued an attachment execution naming the township and the Dresnicks as garnishees, whereupon Reilly & Pearce filed a petition for leave to intervene pro interesse suo, claiming an attorney's lien on said fund by reason of their services to defendant in obtaining the judgment in his favor. The petition was granted. On February 29, 1940, the attachment against the Township of Upper Darby was dissolved for the reason that a debt owing by a municipality cannot be attached. On March 6, 1940, the Dresnicks paid into court the sum of $2,146.97, the amount of the judgment, with interest and costs. On the same day, the judgments were marked satisfied and the parties relegated to that fund. On March 29, 1940, the Fitzgerald-Mercy Hospital and James A. Kelly, M.D., filed petitions for leave to intervene, claiming liens on the fund on the theory that the verdict in favor of Perlmutter included charges for their services to him in connection with his injuries for which the trespass action had been brought. We find that no action has been taken on these petitions, which are hereby granted so that we may dispose of the case on its merits. On May 8, 1940, the parties filed a stipulation agreeing to a trial by a judge without a jury and testimony was taken before Fronefield, P. J.

### Findings of fact

1. On March 20, 1937, Harry Perlmutter was injured as a result of tripping on a pavement in Upper Darby Township in front of premises owned by Philip and Sylvia Dresnick.

2. On March 23, 1937, Perlmutter retained Albert H. Wernick, a member of the Philadelphia Bar, to represent his interests and executed a power of attorney to Wernick in which he agreed, inter alia: "My attorney is to receive 50 percent of whatever he or I receive by settle-

ment or verdict after the expense of this suit shall first be paid, and no costs are to be charged unless a verdict or settlement is obtained."

3. On or about May 11, 1937, Wernick forwarded the case to Reilly & Pearce, members of the Delaware County Bar, and between May 15, 1937, and June 4, 1937, Perlmutter executed a power of attorney to Reilly & Pearce in which he agreed, inter alia: "And I agree that out of whatever sum is secured either by my said attorneys or by me from the above defendant, either by way of settlement or verdict, the said attorney shall receive one-half part thereof for professional services."

4. As a result of his injuries, Perlmutter was confined to the Fitzgerald-Mercy Hospital from March 20, 1937, to April 28, 1937, and incurred a bill for $162.20. On January 20, 1938, Perlmutter wrote to the attorney for the hospital as follows: "In reference to my claim for injuries I sustained wherein I was treated by the Fitzgerald Mercy Hospital, kindly be advised that I shall agree to pay the hospital's claim for $162.20 out of an award I may receive either in settlement or in trial of the case providing the sum I receive is a substantial amount."

5. James A. Kelly, M.D., rendered medical and surgical services to Perlmutter and submitted a bill for $150. In addition, Dr. Kelly testified at the trial of the trespass case and submitted a bill for $100 for expert witness fees.

6. The trespass action was tried on April 3, 4, and 5, 1939, and resulted in a verdict in favor of Perlmutter against the Township of Upper Darby and the Dresnicks in the sum of $2,000. In that case, the jury was charged that the hospital bill and Dr. Kelly's bill for $150 were proper items for its consideration in arriving at a verdict in case it found in favor of Perlmutter.

7. Motions for new trial and for judgment non obstante veredicto filed by both defendants were dismissed and on June 30, 1939, judgments were entered on the verdicts. The Dresnicks took an appeal to the Superior Court but said appeal was subsequently discontinued.

8. In connection with the trespass suit, Reilly & Pearce made an investigation of the facts, interviewed witnesses, prepared pleadings and briefs, wrote approximately ninety-five letters and received approximately seventy-five letters, appeared in this court on three days at the trial and on several other occasions for arguments, and made two appearances before the Superior Court in connection with the appeal.

9. A reasonable fee for the professional services rendered by Reilly & Pearce to Perlmutter is $600. The costs expended by the said Reilly & Pearce amounted to $81.75.

10. On September 28, 1939, the judgments in favor of Perlmutter were attached by Max N. Carol, the assignee of a deficiency judgment of $2,960.19 obtained by a mortgagee as a result of a foreclosure against defendant in Philadelphia County.

11. On December 26, 1939, Perlmutter, in writing, formally assigned to Reilly & Pearce the sum of $1,036.97, plus interest from April 5, 1937, from moneys due him by reason of his judgment.

12. On December 26, 1939, Perlmutter, in writing, formally assigned to Dr. James A. Kelly the sum of $250, from moneys due him by reason of his judgment.

13. On December 26, 1939, Perlmutter, in writing, formally assigned to Fitzgerald-Mercy Hospital the sum of $162.20, from moneys due him by reason of his judgment.

14. On March 6, 1940, the Dresnicks paid into court the sum of $2,146.97, the judgments in favor of Perlmutter were satisfied and the various claimants were relegated to this fund.

### Discussion

At the outset of this discussion we can eliminate the formal assignments executed by Perlmutter on December 26, 1939, because they were executed after the attachment execution and cannot affect the rights of the parties, which must be considered solely upon their rights as they existed prior to the attachment.

We can also eliminate from consideration the claim of Dr. Kelly for $100 for expert witness fees, because said claim was not submitted to the jury in the trespass action and could not possibly have been included in the verdict.

The question of the respective rights of attorneys and physicians to charging liens has been fully considered by the Court of Common Pleas of Allegheny County in two opinions filed in Packard v. Pittsburgh Railways Co., 87 Pitts. L. J. 169, and 87 Pitts. L. J. 219. In the latter case, that court held that a physician had no charging lien for either professional services or for witness fees. It follows that a hospital is in the same category and, likewise, has no charging lien. In the former case, however, that court held that, had it not been for the successful labors of counsel, there would be no fund for distribution and that an attorney has a charging lien on the fund so raised for the value of his services. We agree with the result reached by the Allegheny court.

The question remains as to whether such an attorneys' lien is to be determined by the contingent fee contract or by the reasonable value of such services. It is to be noted that the intervening attorneys in this case did not rely on either theory to the exclusion of the other but Mr. Pearce expressly stated that they were proceeding on both theories. It follows that the trial judge must make the choice. We have found as a fact, and there is evidence to support the finding, that the reasonable value of the services was $600. The contingent fee contract was for one half of the amount of the recovery.

Although contingent fee contracts are not illegal in Pennsylvania, nevertheless they are always subject to the supervision of the court. Pa. R. C. P. 202 provides:

"Agreements between attorney and client relating to compensation wholly or partly on a contingent basis shall be in writing, executed in duplicate. One executed copy shall be delivered to the client at the time of the making of the agreement, and the other shall be preserved by the attorney for at least two years after final judgment or

settlement of the case. Such agreements shall be subject to inspection by the Court, by the appropriate committee of the Bar Association of the County or of the Court, and by the Board of Governance of the Supreme Court."

Therefore, we feel that, even between the parties to the agreement, the reasonableness of the fee, if questioned, is subject to the approval of the court. This is even more apparent when the rights of third parties, the creditors of the client, are affected by the agreement. In Fahlbusch, to use, v. New York Life Insurance Co., 29 D. & C. 513, an identical situation existed. There the court said:

"Considering the case in the most favorable light, we are unable to give our stamp of approval to this contingent fee contract, especially in view of the fact that rights of third parties are involved, to wit, attaching creditors. Contingent fee contracts must be reasonable and commensurate with the amount of services performed and results obtained, and are subject to the supervision of the court as to reasonableness."

Having found a reasonable fee to be $600 and that the costs expended amounted to $81.75, it follows that the charging lien of Reilly & Pearce is limited to $681.75 and that, since the physician and hospital have no charging lien, the balance of the fund, less costs and poundage, is subject to the attachment of plaintiff.

### Decision

And now, to wit, December 27, 1940, we find in favor of Albert H. Pearce and Thomas J. Reilly, individually and trading as Reilly & Pearce, intervening plaintiffs, in the sum of $681.75; we find against the intervening plaintiffs, James A. Kelly and Sister M. Edmonda, Superintendent of Fitzgerald-Mercy Hospital; we find in favor of plaintiff, Max N. Carol, for the balance of the fund, less the costs and the prothonotary's proper charge for poundage.